# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES STEWART, | CASE NO. 1:10-cv-00985-AWI-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS |
| v. | |
| J. TILTON, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Charles Stewart, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 3, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
2  do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell
3  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required
4  to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.
5  2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true,
6  legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

   To state a claim, Plaintiff must demonstrate that each defendant personally participated in
the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations
sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret
Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of
meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Plaintiff's Eighth Amendment Medical Care Claims

### A.     Summary of Allegations

   Plaintiff, who is currently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, brings this action against prison officials for violating his rights under the Eighth Amendment of the United States Constitution during the time he was incarcerated at SATF and at the California Correctional Institution (CCI) in Tehachapi.

   On June 26, 2005, while at CCI, Plaintiff had a seizure and fell down a steel staircase to the concrete floor below.  Plaintiff injured his shoulder, hip, and lower back.  At that time, Plaintiff had a medical chrono for lower tier, lower bunk housing based on his severe seizure disorder and a hole in the right side of his head from a gunshot wound.  However, Plaintiff had been moved to an upper tier on June 16, 2005.

   After Plaintiff's fall, he was taken to the prison's hospital and doctors determined that he needed x-rays, an MRI, and a CT scan.  Plaintiff received x-rays, which ruled out broken bones, but he never received the MRI or CT scan.

   In May 2006, Plaintiff was transported to Mercy Hospital and diagnosed with osteomyelitis caused by a staph infection.  Plaintiff alleges that he suffered from this condition because prison officials at CCI failed to treat his preexisting head injury from the gunshot.  A plate was placed in

1   Plaintiff's head and he alleges that doctors at the hospital told him that simple antibiotics could have
2   prevented the issue.
3   　　　On February 12, 2009, Plaintiff was transferred to SATF.  Plaintiff alleges that he is being
4   denied adequate medical care and a referral to a neurologist for removal of the metal plate, which
5   is causing a dent near his eyes.  Medical staff keep informing Plaintiff that there is no money to pay
6   for his skull surgery.

### B.  Legal Standard

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### C.  Linkage Deficiencies

"[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of

a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Plaintiff's allegations suggest that he had serious medical needs. However, Plaintiff has not linked any of the named defendants to actions or omissions that support his claims of deliberate indifference to his medical needs.

Plaintiff names California Department of Corrections and Rehabilitation Secretary J. Tilton, SATF Warden Kathleen Allison, Chief Healthcare Officer Enenmoh, and a Doe Chief Healthcare Officer as defendants. It does not appear that any of those prison officials were personally involved in Plaintiff's medical care. Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory or administrative personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors or administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

The existence of a policy that directly led to the violation of Plaintiff's rights may provide a basis for the imposition of liability on those who created, enacted, or enforced the policy, Starr, 633 F.3d at 1194-97; Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), and treatment decisions based on budgetary concerns do not shield prison officials from liability for deliberate indifference, Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). However, Plaintiff's very conclusory allegation that staff at SATF denied him medical care based on the orders and policies of Defendants Allison and Enenmoh falls well short of the specificity needed to state a plausible claim against Allison and Enenmoh for violating Plaintiff's Eighth Amendment rights. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Further, there is no linkage at all between any named defendants and the alleged failure to provide appropriate medical care to Plaintiff at CCI. Plaintiff will be provided with the opportunity to file an amended complaint curing the deficiencies identified in this order, subject to the following restriction.

### D. Rule 18

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). In this instance, Plaintiff appears to be raising three separate claims. The failure to treat Plaintiff's gunshot wound, the failure to honor Plaintiff's upper tier chrono, and the failure to provide Plaintiff with medical treatment for his current problems involving the plate in his head do not appear to be related such that they are appropriately litigated in the same action.

For the reasons set forth in the preceding subsection, Plaintiff's complaint fails to state any claims under section 1983 and his complaint shall be dismissed with leave to amend. Plaintiff must determine which claim he wants to litigate in this action and he should set forth that claim in his amended complaint. If Plaintiff re-alleges all three claims but fails to satisfy Rule 18, the Court will determine which claim will proceed and it will dismiss the unrelated claims.

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129

///

1  S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise
2  a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).
3    Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114
4  F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be
5  "complete in itself without reference to the prior or superceded pleading," Local Rule 220.
6  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an
7  amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,
8  644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.
9    Based on the foregoing, it is HEREBY ORDERED that:
10   1.  The Clerk's Office shall send Plaintiff a complaint form;
11   2.  Plaintiff's complaint, filed June 3, 2010, is dismissed for failure to state any claims
12      upon which relief may be granted;
13   3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
14      amended complaint; and
15   4.  If Plaintiff fails to file an amended complaint in compliance with this order, this
16      action will be dismissed, with prejudice, for failure to state a claim.

18  IT IS SO ORDERED.
19  **Dated:   May 18, 2011**                   /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE