# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES STEWART, | CASE NO. 1:10-cv-00985-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR APPOINTMENT OF COUNSEL BE DENIED AND ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| J. TILTON, et al., | |
| Defendants. | (Docs. 17-19) |
| / | THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Background**

Plaintiff Charles Stewart, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 3, 2010. On May 18, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.

On August 3, 2011, August 15, 2011, and August 22, 2011, Plaintiff filed three documents. In light of Plaintiff's pro se status and the contents of the filings, the Court finds that it is in the interest of justice to make an exception and view the filings of August 3 and August 22 together as the amended complaint.[1] The filing of August 15 seeks the appointment of counsel, and it will be addressed after the merits of Plaintiff's claims are evaluated.

---

[1] Generally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

1

II.  **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

III. **Plaintiff's Claims**

    A.  **Summary of Allegations**

Plaintiff, who is currently incarcerated at California State Prison-Corcoran, brings this action against California Department of Corrections and Rehabilitation (CDCR) Secretary J. Tilton, California Correctional Institution (CCI) Warden J. Sullivan, and California Substance Abuse

///

Treatment Facility (SATF) Warden K. Allison for violation of his rights under the Eighth Amendment of the United States Constitution.

Plaintiff's claims arise from two events. The Court summarized the bases for Plaintiff's claims in its first screening order as follows:

> On June 26, 2005, while at CCI, Plaintiff had a seizure and fell down a steel staircase to the concrete floor below. Plaintiff injured his shoulder, hip, and lower back. At that time, Plaintiff had a medical chrono for lower tier, lower bunk housing based on his severe seizure disorder and a hole in the right side of his head from a gunshot wound. However, Plaintiff had been moved to an upper tier on June 16, 2005.
>
> After Plaintiff's fall, he was taken to the prison's hospital and doctors determined that he needed x-rays, an MRI, and a CT scan. Plaintiff received x-rays, which ruled out broken bones, but he never received the MRI or CT scan.
>
> In May 2006, Plaintiff was transported to Mercy Hospital and diagnosed with osteomyelitis caused by a staph infection. Plaintiff alleges that he suffered from this condition because prison officials at CCI failed to treat his preexisting head injury from the gunshot. A plate was placed in Plaintiff's head and he alleges that doctors at the hospital told him that simple antibiotics could have prevented the issue.
>
> On February 12, 2009, Plaintiff was transferred to SATF. Plaintiff alleges that he is being denied adequate medical care and a referral to a neurologist for removal of the metal plate, which is causing a dent near his eyes. Medical staff keep informing Plaintiff that there is no money to pay for his skull surgery.

(Doc. 9, Screening Order, 2:18-3:6.)

In his amended complaint, which is less clear than his original complaint, Plaintiff alleges that upon transfer to the custody of CDCR, he was granted a lower bunk, lower tier medical chrono. However, Plaintiff was moved to a lower bunk on the upper tier on June 16, 2005. On June 26, 2005, Plaintiff had a seizure and fell down the stairs, injuring his back, shoulder, and left hip. Plaintiff now has to wear a helmet and use a walker.

Plaintiff also alleges that he had a nickel-size hole in his head when he transferred into CDCR custody. Plaintiff was denied antibiotics for one year because the doctor felt they would not help Plaintiff grow bone. Plaintiff requested medical care because there was pus coming from the hole, but the cultures taken were negative for infection. Plaintiff was later transported to Mercy Hospital, where he underwent emergency surgery.

///

///

### B. **Legal Standard**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff has suffered from at least several serious medical issues. However, neither his original complaint nor his amended complaint sets forth any facts suggesting that Defendants Tilton, Sullivan, and Allison were responsible for knowingly disregarding a substantial risk of harm to Plaintiff's health or safety. Defendants may not be held liable under section 1983 for the actions or omissions of their subordinate employees. *Respondeat superior* is not a permissible basis for liability and in the absence of facts demonstrating that Defendants were personally involved in the events at issue, they are entitled to dismissal of the action against them.[2] Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

///
///

---

[2] Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 2988827, at *4-5 (9th Cir. Jul. 25, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### IV. Motion for Appointment of Counsel

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case and in light of this screening order, the Court does not find the required exceptional circumstances. While it is apparent from the record that Plaintiff is not well versed in the law and he has some trouble articulating his claims, Plaintiff cannot demonstrate the likelihood of success on the merits. Plaintiff fails to state a claim upon which relief may be granted against Defendants Tilton, Sullivan, and Allison, and this action is subject to dismissal. Given that the record is devoid of any facts from which an inference may be made that Defendants were involved in the alleged violation of Plaintiff's Eighth Amendment rights, Plaintiff's motion for the appointment of counsel should be denied.

### V. Conclusion and Recommendation

Plaintiff's amended complaint fails to state a claim against Defendants Tilton, Sullivan, and Allison for violation of the Eighth Amendment. Plaintiff was previously advised of the applicable legal standards and given leave to amend, but he was not able to cure the deficiencies. Based on the nature of Plaintiff's claims and the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for the appointment of counsel be denied; and

5

      2.      This action be dismissed, with prejudice, for failure to state a claim under section 1983 against Defendants Tilton, Sullivan, and Allison.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 17, 2011**                    /s/ Sheila K. Oberto
                                                                         UNITED STATES MAGISTRATE JUDGE